THOMAS HERBERT AND WILLIAM COOK, PLAINTIFFS IN ERROR, v. THE MAYOR AND COUNCIL OF BAYONNE, DEFENDANTS IN ERROR.

Submitted March 27, 1900—Decided June 18, 1900.

Proceedings to construct sewers under the provisions of the "Act to authorize cities to construct sewers and drains and to provide for the cost thereof," approved March 8th, 1882, and its supplements, considered.

On error to the Supreme Court. For opinion of the Supreme Court, see 34 *Vroom* 532.

For the plaintiffs in error, *George W. Anderson.*

For the defendants in error, *James Benny.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.    In expressing the concurrence of this court in the result reached in the Supreme Court, it is deemed proper to make an observation respecting what is said in the opinion upon the fourth reason, indicating that the

limitation in the act of 1882 (the title of which is set out in the opinion of the Supreme Court), to "lateral sewers or drains" was ambiguous and a mistake.

The limitation referred to was contained in the first subdivision of section 2 of the act. It is thereby provided that when the city authorities had duly published their intention to cause a sewer or drain to be constructed, and a request that persons objecting should present objections in writing within a certain period, if persons owning or representing more than one-half of the lineal frontage of land along any street through which it is proposed to construct any lateral sewer or drain, should so present their objection in writing, then such proceedings should cease. This provision evidently confers upon the majority of the property-owners a sort of veto power in respect, at least, to such sewers as are lateral.

By a supplement approved April 28th, 1887 (*Gen. Stat., p.* 608), the first subdivision of section 2 of the original act was amended so as also to permit the construction of sewers and drains over private lands when deemed necessary, and a like veto power was given to property-owners.

Since the power given to cities by section 1 of the act of 1882 to provide a general system of sewers and to establish outlets therefrom, can be construed as authorizing the building of outlet sewers, of main or trunk sewers emptying into such outlets and of lateral sewers emptying into such main or trunk sewers, a fair construction of these acts may limit the veto power of property-owners to the case of lateral sewers in distinction to that of main sewers and outlets, and the affirmation of this judgment is not intended to involve any construction of the act in that respect.

The judgment under review must be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, GARRISON, LIPPINCOTT, GUMMERE, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.

*For reversal*—None.